United States District Court
for the
Western District of North Carolina

| | |
|---|---|
| Decision Support, LLC, and Mr. David Watson, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civil Action No. 3:10cv190 ) |
| Election Systems & Software, Inc., and Datacard Corporation, | ) ) ) |
| Defendants. | ) |

# Complaint for Patent Infringement

## The Parties

1. Plaintiff Decision Support, LLC ("Decision Support") is a North Carolina corporation with its principal place of business at 3326 Siskey Parkway, Suite 300, Matthews, North Carolina 28105.

2. Plaintiff David Watson is a citizen of Florida.

3. Upon information and belief, Defendant Election Systems & Software, Inc. ("ES&S") is a Delaware corporation with its principal place of business at 11208 John Galt Boulevard, Omaha, Nebraska 68137.

1

4. Upon information and belief, Defendant Datacard Corporation ("Datacard") is a Delaware corporation with its principal place of business at 11111 Bren Road West, Minnetonka, Minnesota 55434.

## Jurisdiction

5. Subject matter jurisdiction is based upon 28 U.S.C. § 1338.

6. Personal jurisdiction is based upon Federal Rule of Civil Procedure 4(e) and the North Carolina Long-Arm Statute, N.C. Gen. Stat. § 1-75.4.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) and 1400.

## Patent Infringement

8. On March 3, 2009, United States Letters Patent No. 7,497,377 was duly and legally issued to Plaintiff David Watson for an invention in an electronic poll register system for elections ("the '377 patent"). A copy of the '377 patent is attached as Exhibit 1.

9. Plaintiff David Watson owned the '377 patent throughout the period of the defendants' infringements and still owns the '377 patent.

10. On April 1, 2010, Plaintiff David Watson granted Plaintiff Decision Support an exclusive license in the '377 patent throughout the United States, except for the State of Florida, including the right to enforce the '377 patent against any infringements.

11. Defendant ES&S has infringed and is still infringing the '377 patent by making, selling, and using electronic poll register systems that embody the patented invention, and ES&S will continue to do so unless enjoined by this Court.

12. Upon information and belief, on September 2, 2009, ES&S acquired Premier Election Solutions, Inc. ("Premier").

13. Upon information and belief, Premier was a wholly-owned subsidiary of Diebold, Inc. ("Diebold").

14. Prior to its acquisition by ES&S, Premier also was infringing the '377 patent by making, selling, and using electronic poll register systems that embody the patented invention, and Premier continued to do so until its acquisition by ES&S.

15. As a result of its acquisition of Premier, ES&S is liable for the infringing acts of Premier in making, selling, and using electronic poll register systems that embody the patented invention.

16. Upon information and belief, ES&S and Premier knew of the '377 patent since approximately its date of issue, but ES&S and Premier pursued their knowing and willful infringement of the '377 patent in flagrant disregard of the patent rights held by Mr. Watson and Decision Support.

17. Defendant Datacard has infringed and is still infringing the '377 patent by making, selling, and using electronic poll register systems that embody the

patented invention, and Datacard will continue to do so unless enjoined by this Court.

18. Upon information and belief, Datacard knew of the '377 patent since approximately its date of issue, but Datacard pursued its knowing and willful infringement of the '377 patent in flagrant disregard of the patent rights held by Mr. Watson and Decision Support.

WHEREFORE, Plaintiffs David Watson and Decision Support pray for the following relief:

1. An injunction against Defendants' ES&S' and Datacard's continued infringement of the '377 patent;
2. An accounting for damages resulting from ES&S', Premier's, and Datacard's infringement, and the trebling of the damages because of the knowing, willful, and wanton nature of ES&S', Premier's, and Datacard's conduct;
3. An assessment of interest on the damages so computed;
4. An award of Plaintiffs' attorneys' fees and costs in this action; and
5. Such other and further relief as the Court deems just and equitable.

## Demand for Jury Trial

Plaintiffs demand trial by jury as to all issues triable by jury in this case as a matter of right.

Respectfully submitted, this 21st day of April 2010.

        s/Albert P. Allan
        Albert P. Allan
        N.C. Bar No. 18882

        Attorney for Plaintiffs David Watson
        and Decision Support, LLC

        ALLAN LAW FIRM, PLLC
        409 East Boulevard
        Charlotte, North Carolina 28203

        (e) alallan@allaniplitigation.com
        (t) 704-371-5605
        (f) 704-372-7411