# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:10cv190

| | |
|---|---|
| DECISION SUPPORT, LLC, and DAVID WATSON, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) | 
| ELECTION SYSTEMS & SOFTWARE, INC., and DATACARD CORPORATION, | ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF DECISION AND ORDER**

**THIS MATTER** is before the court on a motion for summary judgment by Defendant Election Systems and Software, Inc. ("ES&S") [Doc. 33], and a motion for partial summary judgment by Defendant Datacard Corporation ("Datacard") [Doc. 42]. This is a patent infringement case involving Patent No. 7,497,377 ("the '377 Patent"). The court held a claims construction hearing on June 21, 2011, and subsequently entered an order construing the claims at issue on July 1, 2011. The court held a hearing on the pending motions for summary judgment on July 25, 2011. For the following reasons, the court will deny the motion for summary judgment by Defendant ES&S without prejudice to ES&S to refile the motion once the parties have conducted all relevant discovery. Furthermore, the court will also deny the partial motion for summary judgment by Datacard without prejudice to Datacard to refile the motion once all discovery in this matter has concluded.

## I. PROCEDURAL HISTORY

On April 4, 2010, Plaintiffs Decision Support, LLC and David Watson (referred to collectively as "Plaintiff") filed this action for patent infringement against Defendants ES&S and Datacard.[1] [Doc. 1]. This patent infringement case involves a patent for an electronic voting system and Defendants' alleged infringement of that system.

## II. FACTUAL BACKGROUND

### The Invention Described by the '377 Patent

On April 26, 2005, Plaintiff Watson filed the application that eventually issued as the '377 Patent. In 2007, the PTO examined the initial application and rejected every claim as anticipated by a prior art reference identified as Chung et al., U.S. Patent Application No. 2005/0092835 ("Chung"). Def.'s Ex. B, p. FH000048.[2] The examiner found that Chung disclosed "comparison of stored voter identification with identification presented by a voter at a polling system." *Id*. In response, Watson amended the claims in his application by deleting and adding language to the claims to distinguish them from Chung. *See* Def.'s Ex. B, pp. FH000028-29. The PTO accepted the amendments and allowed the claims. On March 3, 2009, the '377 Patent issued with 27 claims, including independent claims 1, 10, and 20.

---

[1] Plaintiff David Watson owns the patent. On April 2, 2010, Watson granted Plaintiff Decision Support an exclusive license in the '377 Patent throughout the United States, except for Florida, with the right to enforce the '377 Patent against any infringements.

[2] Exhibits cited herein are attached to Defendant ES&S's claim construction brief, docket no. 31.

The patent at issue in this lawsuit ("the '377 patent) describes and claims an invention for a new system for electronic polling, more specifically a system for providing voter identity information, recording voter check-in status, and updating a local database that does not require high-quality data communication lines, and that remains useable even when communications with a central database are intermittent or unavailable. The invention purports to solve problems often faced by other computerized voting systems that rely on a central database for verifying voter records. The patented invention provides real-time voter verification even during a disruption in the network or when using lower-quality communications lines by periodically sending blocks of voter information to a central database. The central database then responds with blocks of updated voter information, which is then used to update a local database. Voter eligibility is then compared against the local database, thus eliminating the reliance on continuous communications with the central database.

The independent claims of the '377 Patent recite claims for an electronic poll register system as follows:

> 1. An electronic poll register system[] comprising:
> a. a server associated with a central database;
> b. a plurality of voter check-in stations, each of said plurality of voter check-in stations configured to send blocks of voter information to said server at designated time intervals and receive blocks of voter information from said server at designated time intervals and receive blocks of voter information from said server;
> c. wherein each of said plurality of voter check-in stations includes a local database of all the voters that are eligible to vote at the voting location;
> d. a communication pathway for allowing communication between said server and said plurality of voter check-in stations; and

e. wherein each of said plurality of voter check-in stations is configured to make a voter eligibility determination by performing an eligibility comparison exclusively against said local database.

10. An electronic poll register system comprising:
a. a central database[;]
b. a local database accessible from a polling location, said local database including voter identity information for all voters eligible to vote in the jurisdiction;
c. wherein changes to said central database are communicated to said local database; and
d. wherein changes to said local database are communicated to said central database at designated time intervals along with a time stamp indicating the last time said local database received an update from said central database.

20. An electronic poll register system for determining whether a prospective voter is eligible to vote comprising:
a. a server associated with a central database;
b. a plurality of voter check-in stations, said plurality of voter check-in stations configured to send blocks of voter information to said server and receive blocks of voter information from said server in background mode;
c. wherein each of said plurality of voter check-in stations include a local database of all the voters [sic] are eligible to vote at the voting location, and said plurality of voter check-in stations further configured to make a determination of whether said prospective voter is eligible to vote at said voter check-in station by performing an eligibility comparison exclusively against said local database associated with said voter check-in station; and
d. a communication pathway for enabling communication between said server and said plurality of voter check-in stations.

In this action, Plaintiff alleges that Defendants ES&S and Datacard are infringing the '377 Patent by making, selling, and using electronic poll systems that embody the patented invention.

### III. STANDARD OF REVIEW ON SUMMARY JUDGMENT

"The determination of infringement is a two-step process. First, the court construes the claims to correctly determine the scope of the claims. Second, it compares the properly

construed claims to the accused device." *Bell Atl. Network Servs., Inc. v. Covad Commc'ns Group, Inc.*, 262 F.3d 1258, 1267 (Fed. Cir. 2001). The first step in this process, the construction of claims, is a question of law for the court. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996); *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1456 (Fed. Cir. 1998) (*en banc*). The second step, the comparison of the properly construed claims to the accused device, is typically a question of fact for the jury. *See Bell Atlantic*, 262 F.3d at 1267. Here, the court has already construed the claims of the '377 Patent. The only issue remaining, therefore, is whether Defendants' polling systems infringe the invention described by the '377 Patent.

## IV. DISCUSSION

1. Defendant ES&S's summary judgment motion regarding non-infringement

As to Defendant ES&S's summary judgment motion regarding non-infringement, the court will deny the motion for summary judgment at this time and allow the parties to conduct further discovery. At the hearing on Defendant ES&S's motion for summary judgment held on July 25, 2011, the parties indicated to the court that further discovery is needed as to the issue of ES&S's alleged infringement.[3] Because the court determines that more discovery is necessary before ruling on ES&S's motion for summary judgment, the motion will be denied at this time. Denial of the motion for summary judgment is without

---

[3] For instance, Plaintiff's counsel asserted that ES&S has been using different versions of its voting software since 2006, and that Plaintiff has not conducted enough discovery as to the different versions and whether some, or all, of the versions infringe the '377 Patent. Plaintiff's counsel further indicated that Plaintiff has not yet taken various depositions relevant to Plaintiff's infringement claims.

5

prejudice to ES&S to resubmit its motion after the parties have conducted further discovery regarding ES&S's alleged infringement.

    2.    Defendant Datacard's Motion for Partial Summary Judgment as to Claim 10

At the hearing held on July 25, 2011, the court also heard arguments on Datacard's partial motion for partial summary judgment as to Claim 10 of the '377 Patent. Datacard contends that Claim 10 is invalid as indefinite because it impermissibly describes both an apparatus and a method. At this time, the court will deny without prejudice Datacard's motion for summary judgment as to the validity of Claim 10 of the '377 Patent. The court instructs Datacard that it may refile its motion after all discovery has been concluded in this matter. Furthermore, Datacard shall not be required to resubmit its brief in support of the motion, but may, instead, simply reference the brief in its motion.

        **IT IS SO ORDERED**.

Signed: August 2, 2011

Max O. Cogburn Jr.
United States District Judge