UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Decision Support, LLC, and<br>David Watson,<br><br>            Plaintiffs,<br>  v.<br><br>Election Systems & Software, Inc. and,<br>Datacard Corporation,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 3:10cv190<br>)<br>)<br>)<br>) |

**DEFENDANT ELECTION SYSTEMS & SOFTWARE, LLC'S
OBJECTION TO THE ORDER GRANTING
PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant, Election Systems & Software, LLC ("ES&S"), under Fed. R. Civ. P. 72(a), in accordance with Fed. R. Civ. P. 16(b)(4), and for the reasons stated herein, objects to the Order granting Plaintiffs' Motion for Extension of Discovery. Although ES&S would have preferred that the Court deny Plaintiffs' motion and not extend discovery for the third time, ES&S respectfully requests that the Court consider ES&S' position set forth below and modify the Magistrate's Order and allow ES&S the opportunity to respond to any future motions to extend the pretrial schedule.

**I.      INTRODUCTION**

Plaintiffs' motion for extension of time failed to provide an accurate and complete description of the course of discovery in this litigation. Plaintiffs failed to acknowledge it was their own lack of diligence that caused ES&S to produce tens of thousands of documents weeks before the close of discovery. Plaintiffs also failed to acknowledge that their own failure and refusal to conduct timely discovery and focus its infringement contentions is what caused ES&S

1

to need additional witnesses in anticipation of trial.  Plaintiffs did admit that they have not taken any depositions and had purposefully planned to wait until the last three weeks of discovery to conduct all of their depositions, without ever checking witness availability during that time.  *See Mot. for Extension of Disc.* at 3, Doc. 66.

Plaintiffs have issued public statements accusing ES&S' pollbooks of infringing the patent-in-suit.  Almost exactly a year ago, ES&S presented this Court with evidence that its ExpressPoll product does not infringe any claim of the asserted patent.  (Doc. 33).  ES&S' claim constructions in its summary judgment motion were approved by the Court in its claim construction order.  (Doc. 57).  Nevertheless, ES&S was denied summary judgment in order to give Plaintiffs an additional five months to conduct the discovery Plaintiffs had failed to take during the six months the summary judgment motion was pending.  (Doc. 61).  To this day, Plaintiffs have not accepted ES&S' invitation on February 21, 2011 to inspect its products and software and see for themselves that they are not infringing.  *See* Exhibit A, Def.'s Resps. to Pl.'s First Set of Req. for Produc. at Requests 10 and 18.  Plaintiffs have now asked for, and been granted, another three months to conduct the same discovery they have been able to conduct since February 2011.  (Docs. 62-63).

Plaintiffs' allegations of infringement were designed to induce ES&S' customers not to buy its accused products or at least chill their interest in doing business with ES&S.  The Federal Circuit has recognized that such threats place a cloud over the products and business of the accused infringer and that the accused infringer is entitled to seek timely resolution of the patentee's claims.  *See Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1346-47 (Fed. Cir. 2005).  While ES&S has worked diligently to resolve Plaintiffs' untrue infringement claims,

Plaintiffs have done very little since filing this case. Plaintiffs still have yet to even notice one deposition.

As demonstrated below, ES&S has been diligent in responding to Plaintiffs' discovery requests and attempting to narrow issues to avoid needless and costly discovery. It is Plaintiffs' lack of diligence in pursuing discovery and refusal to provide a reasonable basis for maintaining their allegations that ES&S' products infringe even when used without a central database or server, which have resulted in the recent production of documents and identification of witnesses.

## II. STATEMENT OF FACTS

Below, ES&S outlines the facts related to the course of discovery in this litigation.

- September 17, 2010, Plaintiffs serve their initial infringement contentions. *See* Exhibit B, Sept. 17, 2010 Email.

- On November 5, 2010, ES&S served its initial invalidity contentions. *See* Exhibit C, Nov. 5, 2010 Email.

- On November 8, 2010, the parties attended the Rule 16 conference with Judge Conrad. During that conference, the Court allowed ES&S to file an early summary judgment motion concerning the issue of non-infringement for the ExpressPoll with EZ Roster to try to focus the issues that remained.

- In December 2010, ES&S produced manuals on the operation of the ExpressPoll with EZ Roster and marketing materials. *See* Exhibit D, Dec. 17, 2010 Letter.

- On January 24, 2011, ES&S filed a motion for partial summary judgment that the ExpressPoll with EZ Roster did not infringe. (Doc. 33). The motion was supported by the previously produced manuals and declaration of Ross Underwood. (Doc. 35).

- On February 21, 2011, ES&S responded to Plaintiffs' discovery request and invited Plaintiffs to inspect its source code according to the protective order and inspect a sample of each version of the accused products. *See* Exhibit A, Def.'s Resps. to Pl.'s First Set of Req. for Produc. at Requests 10 and 18. Plaintiffs never contacted ES&S to set up a time to review its software or inspect its products, including the ExpressPoll, the subject of the then pending summary judgment. Also on that day, ES&S produced additional manuals, sales orders, and marketing materials. *See* Exhibit E, Feb. 21, 2011 Letter.

- By March 16, 2011, briefing for the Markman hearing and ES&S' summary judgment hearing were complete. In its responsive briefs, Plaintiffs noted that they needed more time for discovery because fact discovery was still open and they needed additional time for discovery. (Doc. 41 at 15-17). At this point, discovery was set to close on June 29, 2010. (Doc. 25).

- The Markman hearing was held on June 21, 2011 and the Court entered the Claim Construction Order on July 1, 2011. (Doc. 57).

- The claim construction order supported the constructions that show no configuration of the ExpressPoll infringes, particularly the standalone configuration. (Doc. 57)

- Between the close of summary judgment briefing on March 16, 2011 and the summary judgment hearing on July 25, 2011 (nearly a month after the original close of discovery), Plaintiffs did not notice one deposition, follow up on existing discovery, or serve any additional discovery.

- On July 24, 2011, six months after ES&S filed its motion and during the evening the night before the summary judgment motion hearing, Plaintiffs filed additional exhibits including the declaration of Sanford C. Brill. (Doc. 59). ES&S was not given an opportunity to depose Mr. Brill regarding his declaration before the hearing fourteen hours later.

- At the summary judgment hearing itself, Plaintiffs' counsel used exhibits that were not identified until moments before the hearing began to support their objections to ES&S' motion. See Exhibit F, Tr. of Mot. for Partial Sum. J. of Invalidity of Claim 10 and Mot. for Summ. J. of Non-Infringement at 3:14-3:23, July 25, 2011.

- On August 2, 2011, the Court denied ES&S' motion for summary judgment to allow the parties to conduct discovery. (Doc. 61). The Court noted in support of its denial Plaintiffs' wish to conduct more discovery:

  > For instance, Plaintiff's counsel asserted that ES&S has been using different versions of its voting software since 2006, and that Plaintiff has not conducted enough discovery as to the different versions and whether some, or all, of the versions infringe the '377 Patent. Plaintiff's counsel further indicated that Plaintiff has not yet taken various depositions relevant to Plaintiff's infringement claims.

  (*See* Doc. 61 at 5 n.1).

- The Court granted ES&S leave to refile its motion once the parties had conducted all relevant discovery. (Doc. 61).

- Once the summary judgment motion was denied, and the scope of discovery was not reduced, ES&S approached Plaintiffs regarding whether they wished to seek discovery of electronically stored information. Both Plaintiffs and ES&S failed to discuss this topic (and in particular a procedure for the search of electronically stored information, *i.e.*, archived emails and files) during the Rule 26(f) conference.

- During the month of August, ES&S' counsel called Plaintiffs' counsel regarding desired terms for searching ES&S' electronically stored information.

- On September 1, 2011, Plaintiffs' counsel responded via email that he had received the messages and would probably respond next week on the search terms. *See* Exhibit G, Sept. 1, 2011 Email.

- By September 27, 2011, Plaintiffs' counsel still had not responded. ES&S' counsel sent a letter via first class mail and email explaining that if it did not receive search terms by October 5, 2011, it would be difficult to meet the discovery deadline of December 23, 2011. *See* Exhibit H, Sept. 27, 2011 Letter.

- On October 7, 2011, Plaintiffs provided search terms. *See* Exhibit I, Oct. 7, 2011 Email. The search terms included the term vot*. *Id.* ES&S' counsel informed Plaintiffs' counsel that that term was too broad and would result in an unmanageable number of hits when searching a voting equipment company's electronic records. The parties agreed to limit the search to fourteen custodians, the people identified in ES&S' interrogatory answers and Rule 26 disclosures.

- On October 26, 2011, ES&S' attorney conferred with Plaintiffs' attorney regarding the millions of hits the search terms returned. *See* Exhibit J, Oct. 26, 2011 Email. Plaintiffs' attorney timely responded with revised search terms, but did not revise the term "expresspoll" even though it produced 93,958 hits. *See* Exhibit K, Oct. 26, 2011 Email.

- On October 28, 2011, the revised search terms produced 272,670 hits. *See* Exhibit L, Oct. 28, 2011 Email. ES&S' informed Plaintiffs it could review the results of the modified search. ES&S began organizing and extracting the search results from the archived emails and documents.

- On November 14, 2011, ES&S sent correspondence to Plaintiffs attempting once again to narrow the issues as a result of the claim construction order and agree that a stand alone ExpressPoll does not infringe any claim. *See* Exhibit M, Nov. 14, 2011 Email.

- After the claim construction Order, the parties were allowed to update their infringement and invalidity contentions.

- Plaintiffs chose not to update their infringement contentions even though the vast majority of claim terms were interpreted against them completely undermining their infringement contentions.

- ES&S chose to update its invalidity contentions on October 28, 2011. *See* Exhibit N, ES&S' Invalidity Contentions for the '377 Patent.

- As part of preparing and researching its updated contentions, ES&S discovered that under the construed terms, an early voting project in Guilford County, North Carolina during the summer of 2004 was invalidating prior art. *See* Exhibit N, ES&S' Invalidity Contentions for the '377 Patent at 2-4.

- ES&S agreed to the second extension of the discovery deadline from December 23, 2011 to January 30, 2012 so it could conduct discovery regarding the prior art Guilford County project. (Doc. 64).

- ES&S began to further investigate which employees were part of the Guilford County project and who from Guilford County remembered the project. ES&S identified, tracked down, and interviewed former and current employs, and Guilford County officials. The identity of the five people identified (Besson, Duncan, Gilbert, Fox, and Perez) and their current phone number and address was served on December 6, 2011 in ES&S' first supplemented Rule 26(a)(1) disclosures. *See* Exhibit O, First Supplemented Rule 26(a)(1) Disclosure of ES&S.

- Other updates to ES&S' Rule 26 disclosures included employee changes since the first disclosures. Gabe Cook took over as the new director of the Pollbook product when Brandon Elwood left ES&S. *See* Exhibit O, First Supplemented Rule 26(a)(1) Disclosure of ES&S.

- The remaining updates were to add those sales representatives with personal knowledge of how each customer of the alleged infringing products actually used those products. These sales people are Mark White, Nickolas Mevellec, Mac Besson, and Alexia Scott-Morrison. *See* Exhibit O, First Supplemented Rule 26(a)(1) Disclosure of ES&S. When initial disclosures were made, ES&S did not have information regarding which versions of ExpressPoll and Pollbook Plaintiffs have accused of infringement. ES&S still does not have this information, but due to the approaching discovery deadline ES&S needed to ensure it had identified every witness it could possibly need at trial.

- On December 12, 2011, ES&S added three additional employees to their Rule 26 disclosures. Each of these three employees had been previously referenced in ES&S' February 21, 2011 interrogatory answers as having knowledge of some aspect of the alleged products. *See* Exhibit P, Def. ES&S' Resps. to Pl.'s First Set of Interrogs. at Interrog. No. 2. ES&S would not have named Omel and Waggoner to the Rule 26 disclosure, but Plaintiffs' requested their contact information, so ES&S went ahead and added them at the same time it added Mark Radke, an experienced ExpressPoll salesman, who was inadvertently left off the original disclosure.

- Throughout the month of December and January, ES&S produced relevant documents resulting from the electronically stored information search as well as other relevant documents. Plaintiff received documents to review as soon as December 2, 2011. *See* Exhibit Q, Dec. 2, 2011 Letter.

- During the month of December, Defendants finished the deposition of VR Systems (began in June 2011), completed the deposition of David Watson, and deposed Decision Support.

- ES&S has completed its review of its electronically stored information and provided it to Plaintiffs. In total, 22,017 documents were produced as a result of the search. Considering the numerous holidays between October 28, 2011 and January 17, 2012,

- ES&S was not far off from its original estimate that it would take two months to complete the review.

- On December 12, 2011, ES&S produced the source code used in 2004 in Guilford County. *See* Exhibit R, Dec. 12, 2011 Letter. Further, on January 6, 2012, ES&S produced documents it obtained from Guilford County, North Carolina related to the prior art Guilford County project. *See* Exhibit S, Jan. 6, 2012 Letter.

- In January, 2012, ES&S has subpoenaed Decision Support's two independent contractor salesmen and is attempting to depose them. *See* Exhibit T, Greenhalgh Subpoena, Jan. 6, 2012; Exhibit U, Resuali Subpoena, Jan. 6, 2012.

- To this day, Plaintiffs have not noticed one deposition or even requested dates for depositions from ES&S. Further, Plaintiff has not conferred with ES&S regarding any discovery deficiencies.

## III.  LEGAL STANDARD

This objection to the Order of the Magistrate Judge is brought pursuant to Fed. R. Civ. P. 72(a) which states that:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or *is contrary to law*.

Fed. R. Civ. P. 72(a) (emphasis added); *see also* 28 U.S.C. § 636(b)(1)(A). "An order is contrary to law if the magistrate judge failed to apply or misapplied statutes, case law, or procedural rules." *Miceli v. KBRG of Statesville*, No. 5:05-CV-265-V, 2008 WL 2945451, at *1 (W.D.N.C. July 24, 2008).

This objection to the Order of the Magistrate Judge is brought in accordance with Fed. R. Civ. P. 16(b)(4) which requires that "[a] schedule may be modified only for good cause and with the judge's consent." "To show good cause, the moving party must 'show that the deadlines cannot reasonably be met despite the diligence of the party needing an extension.'" *Remediation Prods., Inc. v. Adventus Ams., Inc.*, No. 3:07-CV-153-RJC-DCK, 2009 WL 2497939, at *1

(W.D.N.C. Aug. 13, 2009) (quoting 6A Wright, Miller, and Kane, *Federal Practice and Procedure*: Civ. 2d § 1522.1); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). Diligence of the moving party is required because "the scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Richardson v. United States*, No. 5:08-CV-620-D, 2010 WL 3855193, at *3 (E.D.N.C. Sept. 30, 2010) (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (internal citations omitted)). In addition, the terms of a pretrial order "must be firmly and fairly enforced by the district judge if it is to serve the purpose of pretrial management designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 945-55 (4th Cir. 1984) (quoting Fed. R. Civ. P. 1); *see also Remediation*, 2009 WL 2497939, at *1 (quoting *Herbert v. Lando*, 441 U.S. 153, 177 (1979)). Indeed, "'discovery, like all matters of procedure, has ultimate and necessary boundaries.'" *Remediation*, 2009 WL2497939, at *1 (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

## IV.     ARGUMENT

This objection is brought pursuant to Fed. R. Civ. P. 72(a) because the Order of the Magistrate Judge is contrary to Fed. R. Civ. P. 16(b)(4) which requires the movant to show good cause to modify the scheduling order. While at first glance the production of tens of thousands of documents within weeks of the close of discovery appears to show good cause, an analysis of the timeline that lead up to such a production shows it was caused by Plaintiffs' own lack of diligence.

This objection is timely because it was filed within three business days of the Order granting Decision Support's Motion for Extension of Discovery. ES&S respectfully submits that the Order granting the extension should be reconsidered or that the Court should consider this

brief in connection with any future requests by Plaintiffs for an extension as well as a request for the opportunity to be heard regarding any such request. In order to be successful in a motion to amend a scheduling order, Plaintiffs are required to show they have been diligent and, despite their diligence, the deadlines cannot reasonably be met. *Remediation Prods., Inc.*, 2009 WL 2497939, at *1 (quoting 6A Wright, Miller, and Kane, *Federal Practice and Procedure*: Civ. 2d § 1522.1); *see also Nourison Rug Corp.*, 535 F.3d at 298.

Plaintiffs did not meet this burden or even attempt to do so. Plaintiffs' motion looks to the volume of documents produced, a fact over which it had a substantial level of control, the remaining time for discovery, and its counsel's case load, but did not provide *any* evidence of Plaintiffs' diligence.

In *Neighbors Law Firm v. Highland Capital Management*, the Eastern District of North Carolina denied a motion for leave to file summary judgment where the deadline had passed just two months before. *Neighbors Law Firm v. Highland Capital Mgmt.*, No. 5:09-CV-352-F, 2011 WL 238605, at * 3 (E.D.N.C. Jan. 24, 2011). The court denied the motion on the basis that the movant had failed to show "good cause" because, instead of providing support that the movant acted diligently to meet the deadline, the movant asserted contentions that amounted to an "interest of justice" argument. *Id.* at *2. Likewise, the motion by Plaintiffs simply points to the recent production of a large volume of documents and identification of additional witnesses (some of which had previously been identified in interrogatory responses), but fails to mention how Plaintiffs' own actions and lack of diligence actually resulted in the recent production of documents and identification and witnesses and has prevented Plaintiffs' ability to the meet the discovery deadline. *See Mot. for Extension of Disc.*, Doc. 66. As shown in the timeline, Plaintiffs have performed very little discovery in this case even though they have had ample time

and opportunity to take depositions, inspect the accused products, review Defendants' source code, and request discovery of electronically stored information. The only discovery Plaintiffs have performed is serving one set of requests for production, interrogatories and, recently, requests for admission. Plaintiffs fail to show diligence on their part and seek to extend the discovery deadline to perform hypothetical discovery that has yet to be revealed to or requested of ES&S.

Plaintiffs' unilateral acts are governing the speed of this case. First Plaintiff said it needed time to take discovery and respond to ES&S' motion for partial summary judgment, but over the course of almost a year has failed to take even one deposition related to the topic. Plaintiffs' decision to delay two months in providing search terms and then providing blatantly overbroad terms is the cause of the predicament in which it now finds itself. Plaintiffs cannot be surprised at the number of documents produced as a result of its own search terms. Plaintiffs had full knowledge that the search term "expresspoll" alone yielded more than 90,000 hits, but declined ES&S' invitation to narrow this term by adding connectors or proximity term requirements.

ES&S' counsel, after waiting two months for Plaintiffs to compile a list of twelve search terms, reviewed 141,518 documents over the course of a little more than two months; the equivalent of more than a thousand documents a day. This required a significant amount of hours spent by ES&S' counsel, and money paid by ES&S, to fulfill Plaintiffs' request.

ES&S has conducted discovery, but has been delayed because of the schedule of Plaintiffs' counsel. ES&S has conducted depositions and has noticed two more that may be completed within the previous discovery deadline. ES&S has procured documents from third parties regarding invalidity. It was the discovery being conducted by ES&S that resulted in the

addition of five witnesses to support the invalidating Guilford County project identified in ES&S' October 28, 2011 amended invalidity contentions.

The failure of Plaintiffs to narrow the issues in the case lead to the disclosure of additional sales people such that there was at least one sales person with personal knowledge regarding every electronic pollbook customer's actual use of the accused product. This would not have been necessary if Plaintiffs would make the reasonable concession, which is required by the Court's claim construction order, that an electronic pollbook not connected to a central database during voter check-in does not infringe. Not only do Plaintiffs' refuse to make this concession, they also refuse to conduct discovery apparently to avoid confirming the facts that would require them in good faith to admit the lack of infringement. *See* Exhibit V, Pl. Decision Support's Resps. to Def. ES&S' First Set of Req. for Admis.; Exhibit W, Pl. David Watson's Resps. to Def. ES&S' First Set of Req. for Admis. Again, Plaintiffs still have not responded to ES&S' February 21, 2011 open invitation to inspect the accused equipment and source code. Performing such an inspection would have at least allowed Plaintiffs to articulate to ES&S why they deny that a standalone electronic pollbook does not infringe.

The lack of discovery by Plaintiffs has stalled this litigation. Plaintiffs have also delayed defendants ability to obtain discovery. This most recent discovery extension pushed the trial date from August 27, 2012 until December 3, 2012. (Doc. 67). This is over eleven months from the original trial date of January 23, 2012. (Doc. 25). In addition to the movement of the trial date, ES&S cannot refile its motion for partial summary judgment of non-infringement to narrow the claims of this case, as permitted by this Court, until Plaintiffs perform the discovery they claim they need. (Doc. 61). This inability to move the case forward leaves ES&S exposed to the type of continuing uncertainty warned against in *Electronics for Imaging, Inc. See Elecs. for*

*Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1346-47 (Fed. Cir. 2005). ES&S is forced to wait, during which time this delayed adjudication is creating a "cloud over [its] business, shareholders, and customers." *Id.* at 1347.

## V. CONCLUSION

ES&S respectfully requests the Court modify the Magistrate's Order by reducing the time for fact discovery by 30 days. Further, because of Plaintiffs' lack of diligence, ES&S respectfully requests that the Plaintiffs not be granted any further extensions.

/s/ Sara Weilert Gillette
Robert M. Evans, Jr.(Pro hac vice)
Sara Weilert Gillette (Pro hac vice)
Senniger Powers LLP
100 North Broadway, 17th Floor
St. Louis, MO 63102
Tel: (314) 345-7000
Fax: (314) 231-4342
revans@senniger.com
sgillette@senniger.com


/s/ John P. Higgins
John P. Higgins (N.C. Bar No. 17442)
SUMMA, ADDITON & ASHE, P.A.
11610 North Community House Road,
Suite 200
Ballantyne Corporate Park
Charlotte, NC 28277-2199
Tel: (704) 945-6700
Fax: (704) 945-6735
jhiggins@summalaw.com

Attorneys for Defendant
Election Systems & Software, LLC

## **CERTIFICATE OF SERVICE**

        I hereby certify that on January 17, 2011, Defendant Election Systems & Software, LLC's Objection to the Order Granting Plaintiffs' Motion for Extension of Discovery and Memorandum of Law in Support Thereof, was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

| | |
|---|---|
| Albert P. Allan | John B. Lunseth, II |
| Allan Law Firm, P.C. | Scott Michael Flaherty |
| 409 East Boulevard | Briggs and Morgan |
| Charlotte, NC 28203 | 2200 IDS Center |
| Tel: (704) 371-5605 | 80 South 8th Street |
| Fax: (704) 372-7411 | Minneapolis, MN 55402 |
| Email: alallan@allaniplitigation.com | Tel: 612-977-8484 |
| | Fax: 612-977-8650 |
| | Email: jlunseth@briggs.com |
| | Email: sflaherty@briggs.com |
| | |
| Attorney for Plaintiffs Decision Support, LLC and Mr. David Watson | Attorneys for Defendant Datacard Corporation |

                                                /s/ John P. Higgins